
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DORORTHY DALE WRIGHT, | No. 15-55282 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-01893-SP |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Sheri Pym, Magistrate Judge, Presiding

Submitted November 10, 2016[**]
Pasadena, California

Before: O'SCANNLAIN, RAWLINSON, and MARQUEZ[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Rosemary Márquez, District Judge for the United States District Court for the District of Arizona, sitting by designation.

1

Dorothy Dale Wright (Wright) appeals from an order affirming the Commissioner's decision denying her application for disability insurance benefits. Wright contends that the ALJ erred in accepting testimony from a vocational expert (VE) that there are jobs that exist in significant numbers in the national economy that she could perform given her age, education, work experience, and residual functional capacity. We review the district court's order affirming the ALJ's denial of disability benefits *de novo* and disturb the Commissioner's decision only if it contains legal error or is not supported by substantial evidence. *See Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). We have jurisdiction under 28 U.S.C. § 1291 and affirm.

The ALJ properly relied on the VE's testimony regarding the number of jobs in the national economy that Wright could perform given her functional limitations. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005); *see also* 20 C.F.R. § 404.1566(e) (approving the use of VEs to determine whether a claimant's "skills can be used in other work"). In determining the number of jobs Wright could perform, the VE consulted reliable sources—the Dictionary of Occupational Titles (DOT), the Bureau of Labor Statistics (BLS), and her own professional experience. *See* 20 C.F.R. § 404.1566(d)(1) (referencing the reliability of the DOT), (d)(5) (including the BLS as a reliable source), (e)

2

(permitting the use of VEs); *see also Bayliss*, 427 F.3d at 1218 ("A VE's recognized expertise provides the necessary foundation for his or her testimony. . . .").

We afford the ALJ a presumption of regularity, subject to rebuttal. *See id.* at 1215. Wright failed to successfully rebut the ALJ's reliance on the VE's testimony. Wright's counsel elected not to cross-examine the VE or to submit interrogatories regarding the VE's proffered job numbers. Instead, Wright's counsel submitted a motion to alter or amend the judgment, providing alternative job numbers and criticism of the VE's sources. Absent a persuasive challenge to the ALJ's reliance on the VE's proffered job numbers, Wright cannot establish that the ALJ's acceptance of the VE's testimony constituted reversible error. *See* 20 C.F.R. § 404.1566.

**AFFIRMED.**